**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4724-17T4

GEORGE KIMMERLING,

    Plaintiff-Appellant,

v.

ASTORIA BANK,

    Defendant,

and

WEICHERT FINANCIAL
SERVICES,

    Defendant-Respondent.

_____

          Submitted September 9, 2019 – Decided September 17, 2019

          Before Judges Rothstadt and Mitterhoff.

          On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1330-17.

          Denbeaux & Denbeaux, attorneys for appellant (Joshua Wood Denbeaux, on the brief).

Mc Cusker Anselmi Rosen & Carvelli PC, attorneys for respondent (Alicyn Beth Craig, of counsel and on the brief).

PER CURIAM

Plaintiff George Kimmerling appeals the trial court's May 14, 2018 order granting summary judgment in favor of defendant Weichert Financial Services ("Weichert"). After holding a <u>Lopez</u>[1] hearing, the trial court determined that plaintiff's claims were barred by the applicable statute of limitations. We affirm.

We recite the following facts from the record. Plaintiff, who holds a bachelor's degree in accounting and finance, is a licensed realtor. Throughout his career, beginning in 1970, he has formed real estate businesses and has been involved in the ownership or sale of approximately fifty properties.

In June 2005, plaintiff sought to refinance his property located in Mays Landing (the property). He applied through Weichert for a thirty-year mortgage with interest-only payments for the first five years.

Weichert approved plaintiff for a loan and prepared various pre-closing documents in relation to the loan. Some of the pre-closing documents reflect a thirty-year loan term, while others reflect a fifteen-year term. It is undisputed, however, that on July 22, 2005, plaintiff executed a note and mortgage, as well

---

[1] <u>Lopez v. Swyer</u>, 62 N.J. 267 (1973).

as a "truth in lending" statement, which reflected a fifteen-year term with interest-only payments for the first ten years.  At the <u>Lopez</u> hearing, plaintiff testified that he did not scrutinize the closing documents or read the terms item-by-item prior to executing the documents.

Plaintiff avers that he did not learn the loan was for a fifteen-year term until his amounts due increased after the interest-only period ended in August 2015.  After plaintiff defaulted on the loan, Weichert's assignee, Astoria Bank, filed a foreclosure complaint against plaintiff in February 2016.  Plaintiff answered the foreclosure complaint, asserted counterclaims against Astoria Bank, and also filed a third-party complaint against Weichert, alleging violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -210, and common law fraud.  After Weichert failed to timely respond to the third-party complaint, plaintiff requested the entry of default against Weichert.

In March 2017, Astoria bank moved for summary judgment.  On June 2, 2017, in accordance with the parties' agreement memorialized on the record, the Chancery Division:  (1) transferred plaintiff's claims against Astoria Bank and Weichert, upon refiling, to the Law Division; (2) vacated the default against Weichert and permitted Weichert to file an answer and assert defenses to

plaintiff's third-party complaint; and (3) struck plaintiff's answer and granted Astoria Bank's motion for summary judgment in the foreclosure action.

After plaintiff re-filed his claims in the Law Division, Weichert moved for summary judgment on the grounds that plaintiff's claims were barred by the entire controversy doctrine and the applicable six-year statute of limitations.[2] Following the initial summary judgment motion hearing, the trial court scheduled a Lopez hearing on the issue of whether plaintiff's claims were timely filed under the discovery rule. During the April 25, 2018 Lopez hearing held before Judge Nelson C. Johnson, plaintiff testified, portions of deposition testimony were read into the record, and various documents were entered in evidence.

On May 14, 2018, Judge Nelson issued a comprehensive written decision, concluding that plaintiff's claims were time-barred and granting Weichert's motion for summary judgment. The judge found that plaintiff "is a knowledgeable, experienced, and a sophisticated real estate professional" with a long career involving real estate transactions. Based on this experience, the judge reasoned that "[a]ssuming [p]laintiff was conducting himself on this

---

[2] Under N.J.S.A. 2A:14-1, the statute of limitations for fraud claims is six years. Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016).

transaction at the standard expected of a real estate professional, it is difficult to imagine any set of circumstances in which anyone could take advantage of this gentlemen." The judge emphasized that plaintiff admitted he did not closely read the closing documents and "was the victim of his own neglect."

Judge Nelson concluded that although there were differences between some of the pre-closing documents and the closing documents, plaintiff would have recognized the differences if he was reasonably diligent in reviewing the closing documents prior to executing them. Citing to County of Morris v. Fauver, 153 N.J. 80, 110 (1998), the judge noted that the discovery rule ordinarily does not apply in contract actions because they do not involve "undiscoverable types of injuries." For these reasons, the judge found that plaintiff "is far too sophisticated a plaintiff – nor is this the type of occurrence – for which the discovery rule was intended to apply . . . ." Accordingly, the judge granted summary judgment and dismissed plaintiff's claims as time-barred.

On appeal, plaintiff argues that the trial judge made both factual and legal errors warranting reversal. He contends that pursuant to the discovery rule, his claims did not accrue until August 2015 when the amounts due under the

mortgage accelerated. Plaintiff also argues that the entire controversy doctrine does not bar his claims.

Having reviewed plaintiff's contentions in light of the record and applicable legal principles, we affirm substantially for the reasons set forth in Judge Johnson's well-reasoned written opinion. We add only the following comments.

The discovery rule is an equitable doctrine which tolls the accrual of the statute of limitations "until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Lopez, 62 N.J. at 272. Where credibility of witnesses is involved, the determination of the date upon which a plaintiff became aware of the facts giving rise to the cause of action should ordinarily be made by the judge "at a preliminary hearing and out of the presence of the jury." Id. at 275. "The burden of proof will rest upon the party claiming the indulgence of the [discovery] rule." Id. at 276.

The court's determination of the date of accrual "is highly fact-sensitive, and will 'vary from case to case, and . . . from type of case to type of case.'" Catena, 447 N.J. Super. at 54 (quoting Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 434 (1987)). The court should consider all relevant factors, including:

"the nature of the alleged injury, the availability of witnesses and written evidence, the length of time that has elapsed since the alleged wrongdoing, whether the delay has been to any extent deliberate or intentional, whether the delay may be said to have peculiarly or unusually prejudiced the defendant." Lopez, 62 N.J. at 276.

Our review of a trial court's fact-finding is limited. "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (alteration in original) (quoting In re Trust Created By Agreement Dated December 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). We give particular deference to the trial judge's factual findings when the evidence is largely testimonial and involves credibility determinations. See In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997); see also Lopez, 62 N.J. at 275 (noting that the resolution of discovery issues may rest on witness credibility).

A-4724-17T4

After reviewing the record, we conclude that Judge Johnson's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable. The judge appropriately determined that plaintiff, an experienced real estate investor, reasonably should have read the closing documents in 2005 and discovered that the loan term was fifteen years. Accordingly, the judge correctly ruled that plaintiff's claims were not tolled by the discovery rule.

To the extent we have not specifically addressed any remaining arguments raised by plaintiff, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-4724-17T4